**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DeANDRE CAVANESS, # R-29951, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-1194-SMY |
| ) | |
| ELLENBERG, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case was severed on October 31, 2017 from *Cavaness v. Delancy, et al.*, Case No. 17-cv-480-SMY-RJD (S.D. Ill.). (Doc. 1). It contains the claim designated as Count 3 in the original case, and described as follows:

> **Count 3** – Defendant Ellenberg violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by maliciously and continuously shutting off Plaintiff's drinking water despite Plaintiff's need for it in order to take his medications.

Plaintiff filed the original civil rights action pursuant to 42 U.S.C. § 1983 on May 8, 2017, while he was incarcerated at Menard Correctional Center ("Menard"). He was released from prison later that month.[1] Plaintiff's claim is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money

---

[1] The website of the Illinois Department of Corrections shows that Plaintiff's parole was revoked and he was returned to IDOC custody on November 1, 2017. Illinois Department of Corrections, Offender Search page, http://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (Last visited Dec. 4, 2017).

damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claim survives threshold review under § 1915A.

## The Complaint (Doc. 2)

This operative Complaint was filed in the original action as the Second Amended Complaint where it was docketed as Doc. 14. Plaintiff's factual allegations relating to Count 3 are as follows.

While Plaintiff was confined on 2 and 4 galleries at Menard, Ellenberg routinely cut off his cold drinking water every day for 2 months. (Doc. 2, p. 3). This continued up to Plaintiff's release (MSR) date of May 26, 2017. Plaintiff is "mentally ill and dyslexic." (Doc. 2, p. 5). He needs to have water available to take his medication. (Doc. 2, p. 7). Since Plaintiff arrived at Menard, Ellenberg had been "racist and belittlingly belligerent" toward him. *Id.* Despite the fact that Plaintiff explained to Ellenberg that he required drinking water for his medication, and requested that he leave the water on, Ellenberg continued to shut off the drinking water to Plaintiff's cell. *Id.*

Plaintiff requests monetary damages for the violation of his rights. (Doc. 2, p. 9).

## Merits Review of Count 3 Pursuant to 28 U.S.C. § 1915A

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause with regards to conditions of confinement in prison. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective conditions must have resulted in an unquestioned and serious deprivation of basic human needs such as food, medical

care, sanitation, or physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The second requirement is a subjective element – deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions. *Farmer*, 511 U.S. at 842. It is well-settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Here, Plaintiff alleges that Ellenberg deprived him of drinking water on a daily basis for a 2-month period. Obviously, drinking water is a basic human necessity, and Plaintiff had a particular need for a drinking water to take his medications. Thus, the Complaint satisfies the objective component of an Eighth Amendment claim. The subjective factor is also satisfied, because Plaintiff states that he informed Ellenberg of his need for drinking water, and requested that Ellenberg to keep the water on. Knowing this, Ellenberg continued to regularly shut off Plaintiff's water supply.

Based on these allegations, Plaintiff's deliberate indifference claim against Ellenberg (originally labeled as **Count 3**) will proceed for further review.

## Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3) shall be granted in a separate order.

Plaintiff's motions for recruitment of counsel (Docs. 4 & 5) shall be referred to the United States Magistrate Judge for further consideration.

## Disposition

The Clerk of Court shall prepare for Defendant **ELLENBERG**: (1) Form 5 (Notice of a

Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, a copy of the Memorandum and Order at Doc. 1, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings, which shall include a determination on the pending motions for recruitment of counsel (Docs. 4 & 5).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

his application to proceed *in forma pauperis* will be granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.[2]  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 6, 2017**

s/ STACI M. YANDLE
United States District Judge

---

[2] The Clerk of Court notified Plaintiff of his obligation to promptly inform the Court of any change in his address, when this severed case was opened on October 31, 2017.  (Doc. 6).  The Clerk's letter was mailed to Plaintiff's most recent address of record, 5500 Lake St., Chicago, IL 60644, and the envelope has not been returned to the Clerk.